# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Lendale Jones__
Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case Number: __11-20117-10__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a [ ] federal offense [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the [ ] date of conviction [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____

FILED
AUG 0 2 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [x] clear and convincing evidence [x] a preponderance of the evidence that

_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__8/2/13__
Date

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Lendale Jones Order of Detention

Lendale Jones is charged by way of Fourth Superceding Indictment with Tampering with a Witness, Victim, or Informant, Threats, Corrupt Persuasion, or Misleading. Defendant threatened a co-defendant, Ms. Becky Vang, with murder, telling her that his family has paid to have her killed if she testified in the ongoing drug case. Defendant currently is on bond in Harper Woods where he has an active probation violation warrant as an absconder for failing to report.

Defendant is a 20 year old single male with one child. The mother of his child, Becky Vang, was named earlier in the original indictment and has pled. Also named in the original indictment was Defendant's mother and stepfather, among others. Defendant's stepfather was recently granted a bond with a tether, and was ordered to live at the Seneca address where Defendant's mother resides. Defendant's stepfather cut the tether and ran, and his bond has since been revoked. The original defendants were charged with Conspiracy to Distribute Controlled Substances for Purpose of Unlawful Importation. Defendant Jones is charged in Count 2 of the Indictment with threatening Ms. Vang, who purportedly would be testifying in the underlying case. Specifically Defendant Jones is alleged to have threatened Ms. Vang by stating that since she could not be trusted, that members of his family have paid to have Ms. Vang killed.

Defendant has no verifiable residence. The information provided to Pretrial Services by Defendant and all others contacted is convoluted and conflicting. Defendant stated that he has been living with his mother on Seneca for the past two years. However his current girlfriend, Ms. Tiffany Lee, stated that Defendant has had unstable living arrangements for the past two years, and has lived on Crane Street, Wayburn, and Eastburn in Detroit. Defendant was unable to provide specific addresses, dates, or length of stay at any residence. Furthermore Defendant's mother has not been living on Seneca for the past two years...she just moved there recently, after a tenant vacated, and now lives there with her 16 year old daughter. Defendant's mother reports that she owns that property and other properties in the city.

Defendant has no employment history and states that he is financially supported by his co-defendant mother. He has no assets and appears to have only the most minimal education. Defendant's girlfriend, Ms. Tiffany Lee, who claims to be two months pregnant with Defendant's child, verified Defendant's information. Defendant admits to regular marijuana use and uses alcohol every "couple of weeks".

Between the ages of 13 and 19 Defendant incurred four criminal charges/contacts which now include two active warrants. Defendant's criminal history incorporates a felony assault case charged in 2006 when Defendant was 13 years old, a 2012 conviction out of Harper Woods for Malicious Destruction of Property and Retail Fraud where he was sentenced on 1/25/12 to 12 months probation and a fine. There is an active criminal bench warrant and Probation Violation as he was charged on 4/5/12 with Damage to Business Property in Harper Woods, which charge constitutes continuing criminal activity while under supervision. Defendant has another active warrant out of the City of Detroit (1/15/13) for failing to appear on a traffic offense.

On January 15, 2013 Defendant was indicted in the instant federal case, which names his mother, stepfather, his ex-girlfriend, Ms. Vang, and others.

Defendant is young, but he has a disturbingly long history of being involved in multiple incidences where he has threatened, harrassed and intimidated persons and associates. This appears to be his behavioral pattern of choice.

On 12/9/2011 Defendant rode off with Vang's Toyota Camry without her permission and an Incident Report was filed the next day by Vang with the Detroit Police Department. Vang also served Defendant with PPO #115019 on the same date.

Three days later, on 12/12/11 Defendant came to 4755 Crane and broke through the front window of Vang's residence, ransacked the house and left. Vang made a police report and the officers confirmed that the front window had been broken and the side door was kicked in and broken. The PPO was continued and these allegations were added.

On 5/14/12 Defendant contacted Vang on her cell phone demanding money. When she refused, he continued to call her cell phone and then sent her a series of threatening text messages. Defendant then proceeded to call Vang's place of employment, a nail salon, and demanded that the owner put Vang on the phone. When the owner of the business told Defendant not to call the salon again, Defendant called back once more and said to the owner, "Since you want to play games, I'll be up there to burn that MF down (the nail salon) and shoot you and your family."

On 6/1/13 Vang was living at 28801 Imperial with a Ms. Tomah Gonwoe. Early in the morning officers were called and responded to the apartment where they were forced to remove Jones from the premises. The police took Defendant to a bus stop so that he could go home. Defendant merely returned to the Imperial residence and the police were again called and told that at 9:50 am the Defendant was outside of the apartment and was approaching Ms. Gonwoe's Chevrolet Trailblazer. Gonwoe went outside to see what he was doing there, and Defendant told her that he was upset with Gonwoe for letting Becky Vang live with her and also for not allowing

Vang to drive the Chevy Trailblazer just because Vang had a suspended driver's license. Defendant Jones cursed at Gonwoe and called her names. He held a rock in one hand and had a plastic bottle of soda in the other. Defendant then broke out the passenger side rear glass window of the car with the rock, and poured the soda pop into the car. Then Defendant Jones put the cap back on the pop bottle and threw the empty pop bottle at Gonwoe's head. Defendant Jones then ran away.

The instant case accuses Defendant of threatening to kill Vang and telling her that his family has paid money to put out a hit on her.

Defendant argues for a bond, and asks the Court to release Defendant to his mother's house. As stated earlier, Defendant's mother (along with his stepfather) is a co-defendant in this case. Furthermore, Defendant has implicated his family, including his mother, by threatening Vang that "the family" has paid money to have Vang killed since she could not be trusted not to testify in the instant case.

Pretrial Services originally recommended a bond, but stated in open court on August 2, 2013 at the continuation of the detention hearing that based upon the entirety of the record made that day that the bond recommendation is rescinded and the ultimate recommendation of Pretrial Services is now for detention.

Defendant has shown by his sociopathic behaviors on multiple occasions that he is a predator who acts by threatening harm to others whom he believes he can intimidate. He has two PPO's against him, and his threats to Vang to have her killed were made on the same date that the first PPO expired.

Since the time of his indictment in the instant matter, Defendant has been elusive. The US Marshal Service has been actively searching for him, but because he has had no stable residence he was difficult to locate. On 3/1/13 he was seen by the agents riding as a passenger in a vehicle in the city of Detroit, but when Defendant saw the agents, he intentionally bailed from the car and disappeared.

Defendant's aunt, Ms. Paula Underwood, spoke with Pretrial Services and said that she would allow him to live in her house, and represented that she would appear in Court at the August 2, 2013 hearing, but she failed to show. When Pretrial Services attempted to contact her, her daughter said that she didn't know where her mother was, but that she was probably at home, where there was no land line.

As stated above, Defendant is on bond in Harper Woods and has been noncompliant in all respects. In fact there is an active warrant for his arrest for his failure to report, failure to pay court costs and fees, and failing to provide school verification. He was sentenced there on 1/25/12 and the warrant was issued on 3/5/12. Defendant has engaged in continuing criminal behavior (malicious destruction of business property charge 6/13/13) while under supervision. He also has an active warrant out of the City of Detroit.

Because he has failed to comply with any conditions of his bond in Harper Woods, where he has been violated for absconding, and because he has another outstanding warrant in Detroit, this Court has no confidence whatsoever that Defendant would comply with any Orders of this Court or conditions of bond. Defendant's behavior in the courtroom on both occasions was very telling....he was incapable of masking his defiance and demonstrated his belligerence at all times.

Defendant is viewed as a an extreme danger to the community and a risk of flight. The record is replete with evidence as to both: a preponderance of the evidence supports that he is a risk of flight and there is clear and convincing evidence of his danger to the community. Defendant has no stable residence and he cannot stay with his mother as she is a witness and a co-defendant. His aunt failed to come to court after assuring Pretrial Services that she would appear. He is on probation and has been violated in Harper Woods. He has another outstanding warrant in Detroit. His predatory behaviors and contacts with the authorities are numerous and violent and disturbing.
Defendant is clearly motivated to do harm and he has the means to carry out his threats. He has engaged in additional criminal activity while on bond. The allegations in the instant matter are serious, as Defendant has threatened that his family has paid money for the murder of a co-defendant in this case, should this co-defendant testify in court against the remaining defendants in the ongoing case.

There is no condition or combination of conditions that would assure this Defendant's appearance in Court or the safety of the community. Detention is therefore ordered.